UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HILL DERMACEUTICALS, INC.,

    Plaintiff,

v.                                               Case No:   6:16-cv-833-Orl-40TBS

ANTHEM, INC.,

    Defendant.

## ORDER

    This case comes before the Court on Plaintiff, Hill Dermaceuticals, Inc.'s Motion for Expedited Limited Discovery (Doc. 21). Defendant has not responded to the motion and the time within to do so has expired. Ordinarily, when a party fails to respond, that is an indication that the motion is unopposed. Foster v. The Coca-Cola Company, No. 6:14-cv-2102-Orl-40TBS, 2015 WL 3486008, at *1 (M.D. Fla. June 2, 2015); Jones v. Bank of America, N.A., 564 Fed. Appx. 432, 434 (11th Cir. 2014) (citing Kramer v. Gwinnett Cnty., Ga., 306 F. sup.2d 1219, 1221 (N.D. Ga. 2004); Daisy, Inc. v. Polio Operations, Inc., No. 2:14-cv-564-FtM-38CM, 2015 WL 234251, at *1 (M.D. Fla. May 14, 2015) (when defendant did not respond court could consider motion to compel unopposed); Brown v. Platinum Wrench Auto Repair, Inc., No. 8:10-cv-2168-T-33TGW, 2012 WL 333808, at * 1 (M.D. Fla. Feb. 1, 2012) (after party failed to respond, court treated motion for summary judgment as unopposed).

    Plaintiff's complaint alleges that Defendant is unlawfully denying Medicare Part D coverage for Plaintiff's product, Tolak® (fluorouracil) 4% Cream (Doc. 25, ¶¶1-27). Plaintiff claims that Defendant is denying coverage for Tolak® because it receives rebates from

other drug companies to approve and cover their products instead of Tolak® (Id., ¶ 45). Plaintiff alleges that as a consequence of Defendant's actions, Medicare patients are being subjected to drugs that cause more severe adverse effects and that are unnecessarily expensive to patients and the federal government (Id., ¶ 27). Plaintiff has filed a motion for a preliminary injunction and a request for oral argument on that motion (Docs. 26, 29). The pending motion seeks an order compelling Defendant to provide discovery Plaintiff says is necessary to support its motion for preliminary injunction (Doc. 21 at 2).

"A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." FED. R. CIV. P. 26(d)(1). Plaintiff filed its motion for expedited discovery on July 8, and the parties conducted their Rule 26(f) conference on July 14, 2016 (Docs. 21, 27). Now, the Court assumes Plaintiff has already served on Defendant, the discovery it sought leave to propound on an expedited basis. Presumably, this is why Defendant did not file a response to the motion. The Court also notes that the district judge is holding a Fed. R. Civ. P. 16 conference on August 4, 2016 at which time scheduling and discovery issues are likely to be addressed. Under these circumstances, Plaintiff's motion is **DENIED without prejudice**. If the Court has misapprehended the situation, Plaintiff is free to refile its motion.

**DONE** and **ORDERED** in Orlando, Florida on July 27, 2016.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record