UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HILL DERMACEUTICALS, INC.,

      Plaintiff,

v.                                         Case No:  6:16-cv-833-Orl-40TBS

ANTHEM, INC.,

      Defendant.

_____

## ORDER

This case comes before the Court without oral argument on Plaintiff, Hill Dermaceuticals, Inc.'s Motion for Additional Depositions of Defendant, Anthem, Inc. (Doc. 79), and Defendant Anthem, Inc.'s Opposition to Plaintiff's Motion for Additional Depositions of Defendant Anthem, Inc. (Doc. 98). For the reasons that follow, the motion is **DENIED without prejudice**.

"In a motion or other application for an order, the movant shall include … a memorandum of legal authority in support of the request." M.D. FLA. Rule 3.01(a). The motion is insufficient because it does not contain a memorandum of law.

The motion is premature because Plaintiff has not used the ten depositions permitted by FED. R. CIV. P. 30(a)(2)(A)(i) and the Case Management and Scheduling Order (Doc. 32). See Cutugno v. Second Chance Jai Alai LLC, Case No. 5:11-cv-113-Oc-34PRL, 2012 U.S. Dist. LEXIS 144557 at *3 (M.D. Fla. Oct. 5, 2012) ("At best, Plaintiffs' request is premature as Plaintiffs filed their motion after only taking four depositions. Under these circumstances, the Court is unable to evaluate whether the number of needed depositions would necessarily exceed ten, whether the benefit of additional

depositions would outweigh the burden or expense, and whether the desired depositions would be cumulative or duplicative.").

Plaintiff has not justified the necessity of the depositions, if any, that have already been taken in the case. See F.D.I.C. v. Nason Yeager Gerson White & Lioce, P.A., Case No. 2:13-cv-208-FtM-38CM, 2014 WL 1047245 at *2 (M.D. Fla. Mar. 17, 2014); AIG Centennial Ins. Co. v. O'Neill, Case No. 09-60551, 2011 WL 4116555 at *16 (S.D. Fla. Oct. 18, 2010) ("Courts have construed Rule 30(a)(2)(A), FED. R. CIV. P., to require a party seeking leave of court to exceed the ten-deposition limitation to justify the necessity of each deposition previously taken without leave of court."); Royal v. Bahamian Ass'n, Inc. v. QBE Ins. Corp., Case No. 10-21511-CIV, 2010 WL 3003914 at *2 (S.D. Fla., July 29, 2010) ("[A] party seeking a court's leave to take more than ten depositions under Rule 30 'must demonstrate the necessity for each deposition she took without leave of court pursuant to the presumptive limit of Rule 30(a)(2)(A).'") (quoting Barrow v. Greenville Indep. Sch. Dist., 202 F.R.D. 480, 482 (N.D.Tex. 2001)).

Plaintiff has not made a "particularized showing of why the discovery is necessary." Bituminous Fire and Marine Ins. Corp. v. Dawson Land, No. 3:02-cv-793-J-21TEM, 2003 WL 22012201, at *1 (M.D. Fla. Feb. 13, 2003) (A party seeking to exceed the presumptive number of depositions must make a "particularized showing of why the discovery is necessary.") (quoting Archer Daniels Midland Co. v. Aon Risk Services, Inc., 187 F.R.D. 578, 586 (D. Minn. 1999).

When a party seeks leave of court to take more than the ten depositions allowed by rule the Court considers the factors set out in Rule 26(b)(2)(C):

> On motion or on its own, the court must limit the frequency or
> extent of discovery otherwise allowed by these rules or by
> local rule if it determines that: (i) the discovery sought is

unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

FED. R. CIV. P. 26(b)(2)(C). Plaintiff failed to address these factors in its motion.

**DONE** and **ORDERED** in Orlando, Florida on October 20, 2016.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record