**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

HILL DERMACEUTICALS, INC.,

      Plaintiff,

v.

                                            Case No:  6:16-cv-833-Orl-40TBS

ANTHEM, INC. and BLUE CROSS
BLUE SHIELD OF FLORIDA, INC.,

      Defendant.
_____

## ORDER

    This cause comes before the Court on the following:

    1.  Plaintiff Hill Dermaceuticals, Inc.'s Emergency[1] Motion for Sanctions Against Anthem, Inc. and Motion to Compel Anthem, Inc.'s Rule 30(b)(6) Witness to Appear for Deposition (Doc. 94), filed October 18, 2016;

    2.  Defendant Anthem, Inc.'s Motion for Enlargement of Time to Present its Rule 30(b)(6) Witness for Deposition and Motion for Protective Order (Doc. 95), filed October 18, 2016; and

---

[1]  The Court notes that the type of discovery dispute raised by Plaintiff's motion is not an emergency.  Emergencies generally arise in the context of a threat of imminent physical harm or immediate, significant, and irreparable economic loss.  *See VMR Prods., LLC v. Elec. Cigarettes Outlet, LLC*, No. 12-23092, 2013 WL 5567320, at *1 (S.D. Fla. Oct. 3, 2013); *Privitera v. Amber Hill Farm, L.L.C.*, No. 5:12-cv-7-Oc-32TBS, 2012 WL 1900559, at *2 (M.D. Fla. May 24, 2012).  Moreover, the designation of a motion as an "emergency" triggers the Court and its staff to immediately review the motion, thus diverting court time and resources away from other pending matters.  This is at least the second time Plaintiff has designated a discovery dispute as an emergency when it is not.  (*See* Doc. 68).  The Court therefore takes this opportunity to caution Plaintiff and its counsel against the cavalier use of the word "emergency" in the future.  *See* M.D. Fla. R. 3.01(e) (providing that the unwarranted designation of a motion as an emergency may result in sanctions).

3. Plaintiff Hill Dermaceuticals, Inc.'s Response to Defendant Anthem, Inc.'s Motion for Enlargement of Time to Present its Rule 30(b)(6) Witness for Deposition and Motion for Protective Order (Doc. 100), filed October 20, 2016.

## I.   BACKGROUND

Plaintiff, Hill Dermaceuticals, Inc. ("Hill"), is a developer, manufacturer, and distributor of dermatology products.   One of those products—Tolak® (fluorouracil) 4% Cream ("Tolak")—serves as the focal point of this lawsuit.   Tolak is a patented and FDA-approved medicated cream used to treat actinic keratosis, a precancerous skin condition which causes rough, scaly lesions to develop on the skin.   Tolak is additionally approved under Medicare Part D, which is a federal-government program designed to subsidize prescription drug costs and insurance premiums for Medicare recipients.   Hill alleges that Defendant, Anthem, Inc. ("Anthem"), violated Medicare Part D by failing to make Tolak available to Anthem's Medicare recipients when the Medicare Part D program requires it to do so.

The parties are currently engaged in discovery.   To that end, Hill has been attempting to take the deposition of an Anthem corporate representative under Federal Rule of Civil Procedure 30(b)(6).   The parties initially agreed to conduct the corporate representative's deposition on September 27, 2016.   However, Anthem unilaterally cancelled that deposition due to the Court noticing a status conference for the day before. Anthem essentially presumed that certain issues raised at the status conference would render the deposition unnecessary.

At the status conference, the Court discussed a number of issues with the parties. Pertinent to this Order, the Court directed the parties to either reach a confidentiality agreement or to submit their dispute for the presiding Magistrate Judge's review by October 3, 2016.   The Court additionally directed Anthem to make its corporate representative available for deposition by October 21, 2016.   As the October 21st deadline approached, however, Anthem informed Hill that the deposition would not be moving forward, as Anthem's then-designated corporate representative would be undergoing and recovering from major back surgery.   Anthem has since designated a new corporate representative, although Anthem nevertheless objects to conducting the deposition until a confidentiality agreement has been entered.   Hill then filed the instant motion to compel and for sanctions and Anthem filed a motion for extension of time and for a protective order.

## II.   DISCUSSION

### A.   The Deposition of Anthem's Corporate Representative

Hill moves to compel the deposition of Anthem's corporate representative and Anthem moves for an extension of time to conduct that deposition.   Federal Rule of Civil Procedure 6(b)(1) permits the Court to extend the time for completing an act upon a showing of good cause.   Good cause is a rigorous standard which focuses not on the good faith of or the potential prejudice to any party, but rather on the parties' diligence in complying with the court-imposed deadline.   *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (per curiam). Here, the Court finds that good cause exists to extend the time for conducting the deposition.   At the September 26, 2016 status conference, the Court specifically premised the corporate representative's deposition on the parties'

execution of a confidentiality agreement.  However, despite their efforts, the parties have not reached a confidentiality agreement and the matter is now before the presiding Magistrate Judge.  As a result, the deposition of Anthem's corporate representative cannot be held.  The Court will therefore extend the deadline for conducting the deposition to fourteen days after the entry of a confidentiality agreement.

### B.   The Deposition of Anthem's Employee, Colleen Haines

Separate and apart from the deposition of Anthem's corporate representative, Hill has also been attempting to conduct the deposition of Anthem's employee, Colleen Haines, who submitted a declaration in support of Anthem's opposition to Hill's pending motion for preliminary injunction.  Hill served a subpoena on Ms. Haines to appear for deposition on October 25, 2016.  However, Ms. Haines is unable to attend the deposition due to her recovery from major back surgery.  Anthem therefore asks the Court to issue a protective order prohibiting the deposition.

While the circumstances described would certainly meet the standard of good cause required by Rule 26(c), it appears that the issue of Ms. Haines' October 25, 2016 deposition is moot.  In its response to Anthem's motion for the protective order, Hill represents that it served the subpoena on Ms. Haines before learning of Ms. Haines' then-forthcoming surgery.  Now that Hill knows about Ms. Haines' circumstances, Hill acknowledges that her deposition cannot proceed as scheduled.  A protective order is therefore unnecessary.

### III.   CONCLUSION

For the aforementioned reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff Hill Dermaceuticals, Inc.'s Motion for Sanctions Against Anthem, Inc. and Motion to Compel Anthem, Inc.'s Rule 30(b)(6) Witness to Appear for Deposition (Doc. 94) is **DENIED**.

2. Defendant Anthem, Inc.'s Motion for Enlargement of Time to Present its Rule 30(b)(6) Witness for Deposition and Motion for Protective Order (Doc. 95) is **GRANTED IN PART** and **DENIED IN PART**.  The parties shall conduct the deposition of Anthem's corporate representative within **fourteen (14) days** from the entry of a confidentiality agreement.  Anthem's motion for protective order is denied as moot.

**DONE AND ORDERED** in Orlando, Florida on October 25, 2016.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record