UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HILL DERMACEUTICALS, INC.,

    Plaintiff,

v.                                                    Case No: 6:16-cv-833-Orl-40TBS

ANTHEM, INC.,

    Defendant.
_____

HILL DERMACEUTICALS, INC.,

    Plaintiff,

v.                                                    Case No: 6:16-cv-1282-Orl-40TBS

BLUE CROSS BLUE SHIELD OF
FLORIDA, INC.,

    Defendant.
_____

## ORDER

Pending before the Court is Hill Dermaceuticals, Inc.'s ("Hill") Motion for Reconsideration of the Court's Order on Blue Cross Blue Shield of Florida, Inc.'s Motion for Protective Order (Doc. 144). Blue Cross Blue Shield ("Florida Blue") has filed a response in opposition to the motion (Doc. 154).

Hill seeks reconsideration of a discovery order (Doc. 136) granting in part and denying in part Florida Blue's motion for protective order (the "discovery motion."). At issue in the discovery motion was the appropriate scope of discovery. After briefing, the Court held a hearing where counsel addressed the scope of discovery issue at length (Docs. 124,139). Following that hearing, on December 1, 2016, the Court issued the

discovery order (Doc. 136). The pending motion for reconsideration of that order was filed December 16, 2016 (Doc. 144). As grounds for reconsideration, Hill contends that (i) the Court's decision was based on evidence submitted after the close of briefing to which Hill was not able to respond, and (ii) the evidence the Court considered in ruling on the scope of discovery shows that the decision to not cover Hilll's product, Tolak, was based on financial considerations. Upon due consideration, the motion is **DENIED.**

A motion for reconsideration may be brought pursuant to Rule 59(e) or Rule 60(b), Fᴇᴅ. R. Cɪᴠ. P. Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994). "Reconsideration of a Court's previous order is an extraordinary remedy and, thus, is a power which should be used sparingly." See Renuen Corp. v. Lameira, No. 6:14-CV-1754-ORL, 2015 WL 1815698, at *1 (M.D. Fla. Apr. 22, 2015), citing Carter v. Premier Rest. Mgmt, No. 2:06-cv-212-FtM-99DNF, 2006 WL 2620302, at *1 (M.D.Fla. Sept.13, 2006) (itself citing Am. Ass'n of People with Disabilities v. Hood, 278 F.Supp.2d 1337, 1339 (M.D.Fla.2003)). The three major grounds for a motion for reconsideration of an order are to: (1) account for an intervening change in controlling law; (2) consider newly available evidence; or (3) correct clear error or prevent manifest injustice. Parker v. Midland Credit Mgmt., 874 F.Supp.2d 1353, 1359 (M.D.Fla.2012).

Initially, Florida Blue contends that the motion for reconsideration is procedurally flawed in that the discovery order was not a *final* judgment or order subject to reconsideration under Rule 60, and the appropriate method for review of a magistrate's discovery rulings is on objections filed pursuant to Federal Rule 72(a). "Objections to a magistrate judge's non-dispositive order, such as a discovery order, must be filed within 14 days after a party is served with a copy of the order, and '[a] party may not assign as error a defect in the order not timely objected to.'" Lopez v. United States, 656 F. App'x

957 (11th Cir. 2016) (quoting FED. R. CIV. P. 72(a)). The argument is not without appeal, but "[a]s long as a district (or an appellate) court has jurisdiction over the case, then (in absence of prohibition by statute or rule), it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." Melancon v. Texaco, Inc., 659 F.2d 551, 553 (5th Cir.1981); see also Flintlock Const. Servs., LLC v. Well-Come Holdings, LLC, 710 F.3d 1221, 1225 (11th Cir. 2013). The Court treats the instant motion as seeking relief pursuant to that inherent authority.

On the merits, the motion is denied as Hill cites no intervening change in controlling law, points to no newly available evidence, and establishes no manifest injustice. Hill's contention that the Court based its decision on evidence submitted after the close of briefing to which Hill was not able to respond is inaccurate. Florida Blue explained its relationship with Prime Therapeutics, LLC, its pharmacy benefit manager, in its motion for protective order (Doc. 104 at 2)[1], and the Court explicitly cited to same in the discovery order (Doc. 136 at 3). To the extent the Court also cited to the Declaration of Craig Mattson (Doc. 136 citing Doc. 119-4), this declaration was discussed in detail at the hearing on the discovery issues.[2] Hill had ample opportunity to contest the assertion

---

[1] The motion noted: "BCBSF contracts with Prime Therapeutics LLC ("Prime") as its pharmacy benefit manager ("PBM") to administer certain core pharmacy services. Among other things, the Prime National P&T Committee develops national formularies which BCBSF utilizes. Here, BCBSF relied on and adopted the Medicare Part D formulary developed by Prime. The Prime P&T Committee considered whether to add Tolak to the Medicare Part D formulary, but declined to do so."

[2] For example, the transcript of that hearing includes the following:
THE COURT: Mr. Conner, tell me about Blue Cross Blue Shield.
MR. CONNER: Yes, your Honor, good morning.
THE COURT: Good morning.
MS. REINER: May it please the Court. So we have a similar process to Anthem at Florida Blue, although it is also different. Florida Blue contracts with a company called Prime Therapeutics as its PBM. Under that contract, Prime Therapeutics basically conducts the reviews and develops the formulary for Medicare Part D and then provides that formulary

that Prime is a separate company that made the decision at issue in this case and has not set forth what it would have said, if given a further opportunity to respond to the declaration. For similar reasons, the Court is unpersuaded by Hill's assertion that "because [Florida Blue] uses Prime's Medicare Part D formularies, [it] has access to information concerning those formularies from Prime." (Doc. 144, ¶13). Finally, Hill's argument that the issue of rebates and pricing is "clearly relevant to the issues of the case" was raised by Hill in its motion papers and, as to Florida Blue, rejected by the Court in the discovery order. To the extent Hill is attempting to relitigate a dispute it has already lost, "a motion for reconsideration is not a proper forum merely to seek a second bite at the apple." Guarino v. Wyeth LLC, No. 8:10-CV-2885-T-30TGW, 2012 WL 28810, at *1 (M.D. Fla. Jan. 5, 2012).

      **DONE** and **ORDERED** in Orlando, Florida on January 3, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record

---

    to Florida Blue.
And here's how the process, generally speaking, works, and I would also let you know that on Monday, we filed a couple of declarations, one of Cynthia Griffin, who is a Florida Blue employee, one of a Craig Mattson, who is a Prime Therapeutics employee, and the process is laid out in some detail in those declarations.

    (Doc. 139, p.20, lines 8-24; see also p. 21, line 23: "Prime, of course, is a separately contracted company that is much like the Anthem subsidiary", and pp. 24-25 (referencing declarations).)