UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HILL DERMACEUTICALS, INC.,

    Plaintiff,

v.                                                  Case No: 6:16-cv-833-Orl-40TBS

ANTHEM, INC.,

    Defendant.

## ORDER

Pending before the Court is Plaintiff Hill Dermaceuticals, Inc.'s Motion for All Costs Incurred as a Result of Anthem Inc.'s Cancellation of the September 27, 2016 Deposition (Doc. 159).[1] Anthem has filed its response (Doc. 166). Upon consideration, the motion is **DENIED** to the extent it is not moot.

As set forth in the papers, Hill served Anthem with a Rule 30(b)(6) Notice of Videotaped Deposition setting a deposition date of September 12, 2016. On Anthem's request, the parties rescheduled the time and place of deposition to September 27, 2016, in Cincinnati, Ohio. On September 20, 2016, Anthem filed a Motion to Stay Discovery (Doc. 61). On September 21, 2016, Hill's counsel sent Anthem's counsel an e-mail asking if Anthem intended to stay the mutually scheduled September 27, 2016 Rule 30(b)(6) deposition (Doc. 166 at 9-10). Anthem responded affirmatively that same day (September 21st). Id.

---

[1] Although the District Judge has recently dismissed this action, the dismissal Order expressly reserves jurisdiction "to resolve any pending motions for sanctions." (Doc. 165).

On September 23rd, Hill's counsel prepared an emergency motion to compel the deposition (Doc. 68).[2] On September 24th, Hill's counsel commenced preparation for the deposition. The Court held a telephonic hearing on September 26th (Doc. 70), and recognized the cancellation of the deposition. By Oder issued September 27, 2016, the Court ruled:

> On or before October 21, 2016, Anthem, Inc. shall submit its corporate representative to Hill Dermaceuticals, Inc. for deposition. These parties shall additionally meet and confer in good faith to resolve **any costs** incurred by Hill Dermaceuticals, Inc. for Anthem, Inc.'s unilateral cancellation of the previously-scheduled deposition. Should the parties not reach an agreement, Hill Dermaceuticals, Inc. may ask the Court to resolve the issue by filing a properly supported motion within fourteen (14) days following the corporate representative's deposition.

(Doc. 71, emphasis added).

Hill argues that an award of "any costs" includes attorney's fees, and now seeks $1,380.20, representing attorney's fees for preparation of the emergency motion to compel, deposition preparation and travel to Cincinnati, as well as reimbursement of the plane ticket. Anthem represents that it has already agreed to reimburse Hill for the $240.20 non-refundable ticket, but contends that Hill is not entitled to attorney's fees related to the cancelled deposition. Anthem is correct.

Costs are costs and fees are fees, and the use of the word "costs" in this context means just that. Had the Court meant to award reasonable attorney's fees it would have done so. Indeed, a review of the chronology of this dispute supports a finding that an award of attorney's fees would be inappropriate. All of the fees sought by Hill here were incurred *after* counsel was notified that Anthem was cancelling the deposition. Attorney

---

[2] The motion was denied as moot (Doc. 71).

time incurred to prepare to take the deposition was not wasted since the deposition has been taken, and Hill is not entitled to fees for a lawyer to travel for a deposition she knew was not going to occur. Hill is entitled to be reimbursed for the non-refundable ticket, as conceded by Anthem, but is not entitled to fees. Anthem is **ordered** to pay Hill $240.20 in costs.

      **DONE** and **ORDERED** in Orlando, Florida on January 19, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record